UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MARILINE BIENVENUE,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS
JOHN DOES 1-10.

Defendants.

------------------------------------------------------------------- x

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ JAN 1 3 2012 ★

**BROOKLYN OFFICE**

**COMPLAINT**

Jury Trial Demanded

SUMMONS ISSUED

## PRELIMINARY STATEMENT

1.      This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on July 15, 2011, defendants falsely arrested her, used excessive force and made false allegations about her to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff is a resident of the State of New York.

6.     The City of New York is a municipal corporation organized under the laws of the State of New York.

7.     Police Officers John Does (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. These defendants are sued in their individual capacities.

## STATEMENT OF FACTS

8.     Plaintiff is a 33 year-old female. At or about 11:00 p.m. on July 15, 2011, plaintiff was lawfully walking in front of her home at 955 East 49th Street in Brooklyn, NY.

9.     Plaintiff was accosted by her neighbor and suffered cuts to her knee and ankle during the attack.

10.     Plaintiff called the police and waited for them to arrive.

11.     When the Police arrived, Plaintiff demanded that they arrest her neighbor for assault.

2

12.    Despite her pleas, Plaintiff was arrested and falsely charged with Disorderly Conduct and Resisting Arrest.

13.    Plaintiff's neighbor was never detained, questioned or placed under arrest as a result of this incident.

14.    Despite her visible injuries, the Officers never transported Plaintiff to a hospital or anywhere else where she might receive medical attention, and ignored her requests for medical treatment.

15.    Plaintiff was instead transported to the 67th Precinct.

16.    At 6 p.m. on July 16, 2011 Plaintiff was transported to Brooklyn Central Booking, where she was charged with Disorderly Conduct and Resisting Arrest.

17.    Defendant officers misrepresented to the Kings County District Attorney's Office that Plaintiff had committed the offenses of Disorderly Conduct and Resisting Arrest.

18.    At 4 p.m. on July 17, 2011 Plaintiff was arraigned in Kings County Criminal Court.

19.    Plaintiff's criminal charges were adjourned in contemplation of dismissal and she was released, close to 41 hours after her arrest.

20.    Plaintiff sustained injuries as a result of the incident, including cuts to her knees and ankles, for which she required medical care two days later at SUNY Downstate hospital.

21.    Plaintiff was deprived of her liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to her reputation and loss of income.

3

## FIRST CLAIM

### (§1983 FALSE ARREST)

22.     Plaintiff repeats the foregoing allegations.

23.     No officer observed plaintiff commit a crime on July 15, 2011.

24.     At no time on July 15, 2011 did plaintiff commit a crime.

25.     Accordingly, defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## SECOND CLAIM

### (§1983 FABRICATION OF EVIDENCE)

26.     Plaintiff repeats the foregoing allegations.

27.     The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

28.     In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

29.     The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

30.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM

### (§1983 DELIBERATE INDIFFERENCE TO MEDICAL/SAFETY NEEDS)

4

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     The individual defendants were of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

33.     Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

34.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### (§1983 MONELL CLAIM)

35.     Plaintiff repeats the foregoing allegations.

36.     The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

37.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

i.      Compensatory damages in an amount to be determined by a jury;

ii.     Punitive damages in an amount to be determined by a jury;

iii.    Costs, interest and attorney's fees;

iv.     Such other and further relief as the Court may deem just and proper.

DATED:    January 10, 2012

New York, New York

CHRISTOPHER D. WRIGHT (CW-8079)

Attorneys at Law

305 Broadway, 14th Floor

New York, New York 10007

(212) 822-1419

6